UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK, NATIONAL ASSOCIATION,
a National Banking Association,

    Plaintiff,

                                                      CASE NO. 13-cv-10121

v.                                                  HON. VICTORIA A. ROBERTS

CANAL CROSSING PHOENIX LLC, a Michigan Limited
Liability Company, CANAL CROSSING PHOENIX #2 LLC,
a Michigan Limited Liability Company, BRUCE J. BRICKMAN,
individually and as Trustee of the Bruce J. Brickman Declaration
of Trust Dated December 20, 1991, as amended,
GARY A. WEISMAN, individually and as Trustee of the
Gary Alan Weisman Revocable Living Trust Dated March 18, 1991,
as amended, JOHN R. BOYD, individually and as Trustee of the
John R. Boyd Revocable Living Trust dated, March 4, 1991,
as amended, and GARY L. RAN, individually and as Trustee
of the Gary L. Ran Living Trust Agreement Dated February 2, 2001,
as amended, Jointly and Severally,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (DOC. 53)**

**I.    INTRODUCTION**

      This case involves a breach of contract action arising out of a certain loan agreement and personal guaranties that Defendants expressly agreed upon. Plaintiff, Wells Fargo Bank, loaned Defendant several million dollars. It is undisputed that Defendants failed to repay the loan. The court granted Plaintiff's motion for partial summary judgment on October 28, 2013. This matter is before the court on Plaintiff's Motion for Entry of Judgment.

      The Court holds that Plaintiff is entitled to recover $1,582,761.78 on the Canal Crossing loan and **GRANTS** Plaintiff's motion for entry of judgment.

## II.  STATEMENT OF FACTS

Canal Crossing Phoenix LLC ("Canal Crossing") and its various Guarantors took a loan from Plaintiff and defaulted on it. Plaintiff seeks to recoup the loan.

### A.  The Canal Crossing Loan

On May 21, 2008, Plaintiff agreed to loan Canal Crossing $6,600,000.00 to construct four (4) office/industrial warehouse buildings in Maricopa County, Arizona. Canal Crossing executed a promissory note secured by a deed of trust in favor of Plaintiff for the principal amount of $6,600,000.00. The Canal Crossing loan was also secured by a repayment guaranty signed by Defendants Weisman, Brickman, Boyd and Ran[1] ("Guarantors"), individually and as Trustees of their respective Trusts. Under the guaranties, Guarantors agreed, jointly and severally:

> "to pay twenty five (25%) percent of the amount of indebtedness evidenced by the note…any amounts advanced by lender…accrued interest on the principal amount…all expenses, including attorney fees which may be incurred or paid by lender in preserving, protecting or enforcing its rights or remedies in connection with or collecting against Guarantors, under this Guaranty." (Doc #19, Exhibit 9).

The maturity date of the loan was May 2012. On December 7, 2012, Plaintiff delivered a notice of default to Canal Crossing and Guarantors, demanding full and immediate payment of the indebtedness under the loan, in the amount of $3,451,187.10. In January, 2013, the real estate collateralizing the loan was sold for $1,891,615.25 ($3,451,187.10 - $1,559,571.85 = $1,891,615.25). Plaintiff looks to recover the outstanding balance of $1,559,571.85 plus accrued interest of $23,189.93[2], minus attorney fees of $14,340.00 for a total sum owed of $1,582,761.78.

## I.  STANDARD OF REVIEW

---

[1] Defendants Wesiman, Brickman and Ran have currently resolved their liability with the Plaintiff and are excluded from this judgment.

[2] This amount represents interest accrued through 04-09-13 only. Interest continues to accrue.

The court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250-57 (1986). On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co*., *Ltd v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

II.   ANALYSIS

   A. Plaintiff is Entitled to Summary Judgment for the Breach of the Canal Crossing Loan and the Corresponding Promissory Notes.

Under Michigan law, the elements of a breach of contract claim are: (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract and (4) the breach caused the other party injury. *Burton v. William Beaumont Hospital*, 373 F. Supp.2d 707, 718 (Ed. Mich. 2005) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)).

Defendants do not contest liability under the Canal Crossing loan and its corresponding promissory notes.

By defaulting on the Canal Crossing loan, Defendants breached their contractual obligations under the Loan Agreement. Thus, Plaintiff is entitled to summary judgment.

   **B. Plaintiff is Entitled to Summary Judgment Under the Canal Crossing Loan Repayment Guaranties.**

Boyd secured the Canal Crossing loan. Pursuant to the Canal Crossing Repayment Guaranty, he is liable for 25% of the outstanding indebtedness.

Defendant does not contest liability under the Canal Crossing Repayment Guaranties. By failing to repay the outstanding balance under the Canal Crossing, Boyd breached his contractual obligation.

Plaintiff is entitled to summary judgment against this Guarantor.

## I.    CONCLUSION

The court **GRANTS** Plaintiff's motion for entry of judgment. Plaintiff is entitled to recover $1,582,761.78 on the Canal Crossing loan.

**IT IS ORDERED.**


                                              **S/Victoria A. Roberts**
                                              **Victoria A. Roberts**
                                              **United States District Judge**

**Dated: April 29, 2014**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 29, 2014.**
>
> **S/Carol A. Pinegar**
> **Deputy Clerk**